18-3813 Jane Miller v. Kent Nutrition Group Inc. et al. Oral Argument, 15 minutes per side. Ms. Evans for the rebuttal. May it please the Court, good morning. I have reserved four minutes for rebuttal. Very well. My name is Donna Jean Evans and I'm representing Jane Miller in this case today. We are here to appeal the District Court's grant of summary judgment to the Apolee Kent Pet Group Inc. The District Court's reason for summary judgment was that the Court felt that we could not prove causation to link the damages that Ms. Miller incurred to the advertising representations of the Apolee. The District Court's ruling misconstrued the nature of the damages that we asserted and that led the Court to come to its erroneous conclusion. This is a consumer protection action and it's filed under the Iowa Private Right of Action for Consumer Frauds Act. Let me ask you about that. Yes. All right. Okay. I had my share of products cases in practice. Why in the world do we have Iowa law, the law of the state, applying in a case where the person claims to have been injured in Ohio? Well, that was subject to a lot of briefing in the District Court. The state of residence of the defendant, Kent, was Iowa. And the Iowa state... If somebody rolls a Ford Explorer over in Alabama, I can assure you they're not applying Michigan law down there. So it just seems extraordinary. So why isn't it Ohio under Ohio's choice of law? Well, when we briefed the issue in the Iowa law, it's a relatively new law. And, in fact, Iowa was the last state to enact a consumer protection statute. The Iowa law, the Attorney General has used the Iowa law in products cases and expanded it beyond the Iowa borders. Well, I mean, the Iowa AG doesn't get to decide what cases apply in federal court in Ohio. So, I mean, has anyone, like, really done a choice of law analysis here to make sure that we're applying the right law? Because it doesn't seem like we are. Well, Judge Oliver did, and he ruled that we could use the Iowa Act for our statute, the statute that based on the wording of the Iowa Act, it doesn't limit it. Like, the Ohio Consumer Protection Act limits it to residents of Ohio specifically. Kind of begs the question, I mean, in terms of what law applies to be looking at what the Iowa law says. I mean, normally choice of law, there's a set of principles that govern which state's law applies as opposed to just some statute says it applies. But I don't want to take up too much of your time. We'll see what the other side has to say about that as well. Okay, thank you. Well, Kent manufactures this cat litter. And Kent, like I said, is an Iowa corporation. The cat litter is called world's best cat litter, and it's represented to be flushable, among a whole slew of other things. Our plaintiff, Jane Miller, bought the cat litter, flushed it down her toilet for many years. And at one time, she realized that her drains had backed up. She called the plumber to take care of her plumbing problems back in April of 2015. And when the plumber came and cleared out her drains, he realized that this cat waste and cat litter was found in her drains. And Ms. Miller had no knowledge that maybe she shouldn't be flushing the cat litter. She eventually learned that due to conditions in her own home plumbing, that flushing was not something that she should have been done. But there's nothing on the world's best cat litter bag in the advertising that unequivocally says it's anything but flushable. So we filed this action as a claim for misleading and deceptive advertising. As I understand the record, just because some material is in the pipes doesn't mean that, in this case, that it wasn't flushable, that pipes can have tree roots and things that impinge on them, which can cause something which would allow a jury to find that it was a defect in the cat litter rather than an oak tree in the backyard. Okay. Well, first of all, it's not necessarily a defect in the cat litter. It's the representation in the advertising that's flushable. And our contention is that Ms. Miller would not have flushed it had she been aware that possibly conditions in her plumbing would allow it to build up. Well, she's got a problem with a tree root in the backyard. That has nothing to do with a representation made by a manufacturer as to whether cat litter is flushable for pipes that are in good condition. Would you agree with that? Sure. But the cat did not say that. But it was your burden. Well, the cat, I mean, I'm sure it didn't say this stuff is flushable no matter how bad your pipes are and how blocked they are by other instructions, right? All it says is flushable. That's all the bag says. Now, if you go to their website now, after we've filed this lawsuit, they have a representation on there that it's flushable in well-maintained systems. I guess what I'm saying, and then I'll just let other folks ask questions, is it seems to me that the potential gap in your proofs is expert testimony that is credible enough to allow a jury to find that the pipes, that the stuff got clogged in there because the litter was not as represented rather than by some product that was not flushable. So I'm just soliciting your explanation of what that evidence would be. The evidence that we have is that, well, first of all, Ms. Miller was not aware that she had any problems with her pipes. And the only way that she became aware was when the plumber put a camera down the pipes and videoed it. And Kent and the plaintiff's expert agree that the only way that you can find out these latent defects is to put a video camera down your pipes. And Kent concludes that that should be part of regular maintenance. Now, like I said, Jane Miller never did that. She never considered that as part of regular maintenance. And if it is true that the only way to find out if your plumbing would be safe to flush World's Best Cat Litter is to put a video camera down it and inspect it periodically, the consumer should be aware of that. The statute that we're using lists prohibited practices and acts that include misrepresentation, concealment, suppression, and omissions of material facts. And our conclusion is that if indeed the only way you can safely flush it is to conduct regular video inspections of your plumbing, a consumer should be aware of that before they flush it. That's just one of the things that a normal consumer would not think. Now, like I said, Ms. Miller's drain lines, after an inspection, were found to have a dip in the line. And they were corroded metal pipes. And there were tree roots out by the street. So it was, like I said, until she had backup, she had no idea that this could cause a problem. Can we turn to the text of the statute that's at issue here? It says that, as I understand the statute, this Ohio statute, it says that it provides a private right of action to consumers who were harmed, quote, as a result of a prohibited practice. So isn't that the issue here, whether or not you have sufficient evidence to show that the injury here was the result of the prohibited practice? And like I said, the prohibited practice that we're looking at... So does that impose a but-for requirement? You're conceding that it is a but-for requirement? Absolutely. Okay. And your theory is that the company made a misrepresentation that this litter was flushable? Yes. Is that the misrepresentation? The misrepresentation is the omission of the, it's flushable except for. It's flushable in well-maintained systems. And what is a well-maintained system? And they don't tell the consumer what that is. Okay. So it's in well-maintained systems. So the issue is, did your client have a well-maintained system? No. And she did not know it. If that information had been on the bag... The actual issue is whether or not you had a well-maintained system. Well, the crucial issue we see is if that information was on the bag, that would have alerted her to the fact that it may not be flushable in all situations and she may have had to seek additional information before she flushed it. What evidence did you have to show that your client had a well-maintained system? Our client did not have a well-maintained system. And she was unaware of it. And the other issue, too, is that that's one essence of one category of damages that we're alluding to. The other is the price premium damages. And that is also very important in the but-for analysis. We intend to prove through expert analysis, a marketing expert, using a marketing theory called conjoined analysis, that Kent charged an extra amount for its product based on the fact that it was labeled as flushable. And because it was labeled as flushable, this extra amount was applied to every single bag of World's Best cat litter that was sold. Go ahead. Did you ever establish that it wasn't flushable? It's not flushable in all situations. Well, nothing is, right? It just depends on what the condition is. And how did you establish that? Because of this situation? Is that what you're saying? Well, Kent did some independent third-party testing of the cat litter. And we do have an environmental engineering expert who reviewed the results of the testing. This testing was conducted for protocols that were developed for the flushable wipes industry. And because of that, our expert, who was actually one of the individuals who developed the protocols for that specific testing and the industry, said that it's not applicable to cat litter. And so therefore, the test results don't show that it is flushable. Now, I know this isn't a case where we're alluding to the fact that there's insufficient information to back up the representation. But they have never established it as being flushable based on the test protocols that were utilized for the testing. I don't know if that answers your question or not. Okay. All right. You'll have your rebuttal. Thank you. Your Honors, may it please the Court, my name is Jennifer Mesko and I represent the Apelli Kent Pet Group. Just to touch on a couple of your questions that you just had. The first is, world's best cat litter is flushable. There is no evidence in the record to support the fact that it isn't. Plaintiff's expert only challenges whether the testing that Kent did was sufficient to substantiate an unqualified flushability claim. The evidence in the record is that the cat litter actually did meet all of the standards of the rigorous flushability testing that Kent did. But the District Court didn't even have to reach that issue of whether the cat litter was flushable or not because plaintiff was unable to meet the causation burden as a matter of law. As plaintiff indicated, this case was brought, had four causes of action when it started. We filed a motion to dismiss on all four counts. To your Honor's point about the Iowa statute, we did extensively brief whether Iowa law should apply. Did you disagree on that point? We did. Judge Oliver found that the Iowa Consumer Fraud Statute could apply extraterritorially because the defendant was an Iowa corporation. We proceeded on in this case under the language of the Iowa Private Right Act. You haven't raised on appeal this issue? Not the choice of law issue. The causation burden, as plaintiff concedes, there's a but-for causation standard under the Iowa Private Right Act statute which requires plaintiff to prove that but-for the flushability representation she would not have purchased and flushed the product. Here we have undisputed evidence that she purchased the product because when she bought the cat or she adopted the cat, the prior pet owner had used World's Best Cat Litter. The cat wouldn't use another kind. She purchased the product starting in 2005 and continued to purchase the product to this day. Currently she still uses World's Best Cat Litter. She purchased it for two reasons, right? She purchased the product because it was what the cat would use. In her opinion, and there's some ambiguity about whether she understood biodegradable to be flushable. But over and over again she testifies that she purchased the cat litter because it's the only cat litter that her cat would use. Isn't the relevant fact point not that she purchased the cat litter but that she flushed it down the toilet? So she's relying on the fact that you made a So that's the event that we should be focusing on, her flushing down the toilet, not buying the cat litter. Am I missing something here? There's two methods of damage that she talked about here. One is the property damage and one is the price premium model. So under the price premium model, the District Court Judge Oliver held that she had to prove that but for the flushability representation she would not have purchased the product because you have to link the monetary damage with the representation itself. But for the other claim, flushing down the toilet would be the operative event. Right. So for property damage, yes. She would have to prove that but for the flushability representation she would not have flushed it down the toilet. Here we have evidence in the record that the product was originally released on the market in the 90s. It's a corn based premium cat litter. Kent Corporation is a corn company. They make everything out of corn. And so they realized that they could make a corn based cat litter. In the course of marketing the product and selling the product they realized it was also flushable. So they added a flushability claim to the representation in the 2000s. I have a question about the but for causation. A plaintiff concedes that Iowa law has a but for requirement. But at least the research we've looked at, it seems like there may be some adoption of the third restatement of torts which says when multiple causes are present our law declares each act to be a factual cause of the harm. So how do you deal with that? Or do you think the restatement of third of torts has not been adopted as part of Iowa law? So, you know, Iowa law on this fact is not as developed as we might hope and doesn't give us a ton of guidance. Which is why the 8th circuit in the Brown case applied the but for causation using the GAR case. What about the Tribble case from the Iowa Supreme Court? How do you deal with that case? Yeah, I mean, I think the but for causation standard the issue here is that she can't prove that it's a cause at all. Regardless of whether it's a substantial cause or you have multiple cause, the only evidence in the record is that the cat litter was found in a clog in 2015. But her expert testifies that anything could have been in the clog. That the clog was caused, our expert says, by the tree roots and that anything that backs up after that, it's found. But there was no testimony in the record that it is a cause at all of that clog that happened in 2015. So regardless of whether it's a substantial cause or the restatement, here we just have no evidence that it's any cause whatsoever of the property damage that she suffered. We not only have not any evidence of that, but we don't have any evidence that she relied on the two types of damage, property damage and price premium. The property damage, both plaintiff's experts and defendant's experts concede that there are significant structural issues that caused or that were present. Did it cause or did it contribute to? So, plaintiff's expert testifies that the cat litter could have contributed to a clog in her system. Not that it did and not that it did in the particular clogging incidents at issue in this case in 2014 and 2015. But simply that it could have contributed. Kent's expert on the other side testified that it did not cause the clog. Instead, the structural defects did. Plaintiff has the burden of proof in this case and the district court properly found that evidence that plaintiff gave was insufficient to meet that burden as a matter of fact. McEvoy is the plaintiff's expert? McEvoy, yes. Okay, I thought he said that the litter appears to have contributed, which is different than could have. District court said could have. I think his testimony at Page I mean appears isn't the most emphatic word either. Right. I'm not sure that I didn't see the appears, but he does say that it could have contributed. Yeah, I don't have a page site myself either. I do here. Could have contributed was at Page 23. Oh, I'm sorry, at 22 of his testimony. As to the second type of damages that she asserts, the price premium, her testimony is clear that she purchased the product because the former owner used it. That fact, along with the fact that she purchased the product regardless of whether the flushability representation appeared on the label and regardless of whether or not she flushed it, those facts and those concessions were sufficient to find, as the district court did, that Miller cannot prove but for causation as a matter of law. In sum, the district court properly found that Plaintiff cannot prove causation as a matter of law. The record is clear that Plaintiff purchased the product because it's the only cat litter her cat would use, and there's no affirmative evidence that World's Best caused the clogs that she suffered in 2014 and 2015. Therefore, we respectfully request that this court affirm the district court's grant of summary judgment in Ken's favor. Any other questions? Alright, thank you for your argument, your rebuttal. Thank you. I do want to address the but-for test for damages, and I believe it is correct that the but-for test in this situation is but-for the representation did Ms. Miller purchase and flush the cat litter. If you look at the Brown case, the test that they used for the consumer protection damages as a result of that prohibited practice, the Brown case formulated the test as Brown must prove but-for the misrepresentations, he would have not elected to purchase it and install it in his home. So I think the and here is very appropriate when you're looking at the property damages. So the test should have been, did she elect to purchase the cat litter and flush it. Was there any testimony about her decision to flush? Yes, she flushed it because it said it was flushable. She bought it because it was environmentally friendly and part of that is flushability, but she only flushed it because it said it was flushable. But the but-for test for the price premium damages, I do want to hit that because I think that's one instance where I believe the district court really got it wrong. All the district court said that Miller had to prove that but-for the flushable representation, she would not have purchased it. The price premium damages were misconstrued by the court. Because like I said, if we prove that there is a price premium, then every single person who purchases that cat litter is going to pay less for it or whether they even care if it's flushable. So once that extra amount is tacked onto the package, everyone buys it at that price. If you buy that cat litter and don't want to flush it, you don't pay less for it. So the essence of the price premium damages is that that premium is passed on to every single consumer. Well, what about the fact that they didn't lower the price after they took flushability off the label? Well, the price premium was built into the product at the time. They didn't lower the price when they took it off, neither did they increase the price when they put it back on. I don't understand. I mean, it's almost like a test case. They took it off and the price stayed the same, so why would we attribute a premium to that representation when it did not affect the price, in fact, as to whether it was there or not? I don't think the question is whether we can attribute a premium. It's whether Kent did add a premium. They conducted all of these marketing surveys that we got the data from that our expert used to analyze. And part of the factors that they were looking at is how much do consumers value the flushability of the product and how much willingness to pay they have for that extra flushability representation. This was part of a marketing survey, actually several marketing surveys that Kent conducted. And as part of that, we can only assume that they used the data that they paid a lot of money for in coming to their conclusions as to how much to charge for the product. So basically, like I said, the other thing I want to point out very quickly is that Gara versus the city of Optumwa, however you pronounce that, that you referenced, it does state that you can have multiple causes for a damage for a tort. And multiple causes could be that maybe the world's best cat litter company, or maybe the world's best pet store cat litter by itself may not have caused the damage, but in a compromised plumbing system, it does contribute to the damage. It is a cause, maybe not the sole cause. Thank you very much.